IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AUDRA L. HOGAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-00863-CV-W-MDH-SSA |
| ) | |
| ANDREW SAUL ) | |
| Commissioner of Social Security ) | |
| ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Plaintiff's Application for an Order Awarding Claimant Attorney Fees (Doc. 14). Plaintiff's counsel requests $20,979.00 with credit being given for the $9,500.00 already received. Plaintiff has not stated under what authority the Court should award these attorney fees.

Defendant objects (Doc. 15). As outlined in the Defendant's in his Response, there are only two avenues for an attorney to obtain fees in a Social Security disability case in Federal Court. The first is under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412. The EAJA requires a party to file an application for fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The 30-day period starts after the time to appeal has expired, or in this case, 60 days after the Court issued the judgment. *See Fergason v. Sullivan*, 770 F. Supp. 1008, 1010 (W.D. Mo. Aug. 27, 1991). The Court issued the final judgment in this case on August 20, 2018 (Doc. 13). Thus, any application for fees under the EAJA had to be filed by November 18, 2018, and Plaintiff's application dated over two years later is untimely.

The other avenue for attorney fees for district court work performed in a Social Security case is under 42 U.S.C. § 406(b). That section states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). To the extent Plaintiff is requesting attorney fees under 42 U.S.C. § 406(b), she has not submitted any documentation of the amount of the past due benefits awarded by the agency. Without that information, the Court cannot determine whether or not the fee request is "in excess of 25 percent of the total of the past-due benefits."

For the reasons set forth above, the Application (Doc. 14) will be denied unless an additional or clarified basis for the award or additional information regarding the attorney fee request to provided to the Court. The deadline to submit additional information or clarification is March 5, 2021.

**IT IS SO ORDERED.**

Dated: February 17, 2021            */s/ Douglas Harpool*
                                                              **DOUGLAS HARPOOL**
                                                              **United States District Judge**